23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Annie L. HENDERSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-6279
 United States Court of Appeals, Sixth Circuit.
 April 21, 1994.
 
 Before: KENNEDY and NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Annie Henderson, a social security disability claimant represented by counsel, appeals a district court judgment affirming the Secretary's denial of her application for supplemental security income benefits. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Henderson filed an application for disability insurance benefits on August 14, 1990, and an application for supplemental security income benefits on June 4, 1990, alleging a disability due to heart problems (with chest pain), hypertension, shortness of breath, nervousness and alcoholism. She later withdrew her Title II disability insurance benefits application from consideration and is only appealing the Secretary's denial of her application for supplemental security income benefits. An administrative law judge (ALJ) found that Henderson had the residual functional capacity (RFC) to perform her past relevant work as a hotel maid. Therefore, he found her not disabled. The Secretary denied Henderson's request for review.
 
 
 3
 Henderson then sought judicial review of the Secretary's decision. After hearing oral arguments, a magistrate judge recommended affirming the Secretary's decision. Upon de novo review in light of Henderson's objections, the district court accepted the recommendation of the magistrate judge and dismissed the case.
 
 
 4
 Although Henderson raised numerous issues challenging the Secretary's decision in the district court, on appeal she only raises one issue that she raised in the district court. She argues that the Secretary's decision is not supported by substantial evidence because the ALJ denied her benefits based on her ability to do her past relevant work without an analysis of her RFC and the physical and mental demands of that work.
 
 
 5
 Initially, it is noted that, on appeal, Henderson failed to raise several issues that she raised in the district court. Any issue that was raised in the district court yet is not raised on appeal is considered abandoned and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Therefore, the only claim that is properly before this court concerns the Secretary's alleged failure to analyze Henderson's RFC and the physical and mental demands of her past relevant work.
 
 
 6
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision denying Henderson supplemental security income benefits. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). Henderson has failed to meet her burden of showing that she is incapable of returning to her past relevant work as a hotel maid. Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980).
 
 
 7
 Accordingly, we affirm the district court's judgment.